Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4024 | **DATE** | 6/7/2002 |
| **CASE TITLE** | Myrlene Pierre Louis vs. Direct Loan Services | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Both this action and the Complaint are dismissed with prejudice, with the Application thus being denied and the Motion thus also being denied (in the latter respect, on mootness grounds). (2-1, 3-1)
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 10 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 4 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 JUN -7 PM 4:02 | 6/7/2002 date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |



DOCKETED

JUN 10 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MYRLENE PIERRE LOUIS,      )
                           )
            Plaintiff,     )
                           )
     v.                    )    No.  02 C 4024
                           )
DIRECT LOAN SERVICES,      )
                           )
            Defendant.     )

MEMORANDUM OPINION AND ORDER

Myrlene Pierre Louis ("Louis") has tendered a self-prepared Complaint against Direct Loan Services ("Direct"), accompanying her Complaint with Clerk-of-Court-supplied forms of an Application To Proceed Without Prepayment of Fees ("Application") and of a Motion for Appointment of Counsel ("Motion"). But because of the obvious jurisdictional deficiency in Louis' substantive claim, this sua sponte memorandum opinion and order disposes of her action at its inception.

For any litigant to obtain in forma pauperis status, he or she must not only make an adequate showing of indigency but must also advance a non-frivolous federal claim (in the sense defined by <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) and further refined in <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992))--in that respect, see <u>Neitzke</u>, 490 U.S. at 324. Here the Application reveals that Louis is not currently employed and, although it shows her as receiving $490 monthly in SSI benefits and having $890 in the bank, the very nature of her claim (stemming from a

large student loan that is growing with interest accumulations and that she cannot afford to pay from her limited income) shows that Louis would qualify solely in financial terms for the relief that is sought by the Application. But Louis plainly fails to clear the second hurdle.

What the Complaint reveals[1] is that Louis incurred substantial student loans in connection with her college education beginning more than a decade ago and that Direct now owns those loans, having purchased them some time ago. Because Louis has been diagnosed with a disability stemming from schizophrenia and manic depression (as already noted, she is receiving SSI income), she wants to have the loans cancelled.

But Louis' difficulty in seeking to bring that claim here is that she is obviously unaware that federal courts are courts of limited jurisdiction, authorized to consider only such cases as Congress may prescribe. And in that respect the fact that the student loans originated under a federally enacted program does not make a federal case out of Louis' claim against the private party, Direct, that holds and owns her promissory notes. Nor has Louis alleged anything that would bring this action within the other possible fount of federal subject matter jurisdiction, diversity of citizenship.

---

[1] For present purposes this Court assumes the truth of everything that Louis claims (although of course it makes no factual findings in that respect).

2

Because Louis' problem in attempting to enter the federal courthouse door is thus jurisdictional, a sua sponte dismissal by this Court is called for. As our Court of Appeals has reconfirmed in Cook v. Winfrey, 141 F.3d 322, 325 (7th Cir. 1998):

> It is axiomatic that a federal court must assure itself that it possesses jurisdiction over the subject matter of an action before it can proceed to take any action respecting the merits of the action. "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" Steel Co. v. Citizens for a Better Environment, 118 S.Ct. 1003, 1012 (quoting Mansfield C.& L.M.R. Co. v. Swan, 111 U.S. 379, 382).

Nothing more need be added to confirm the legal frivolousness of Louis' present federal action (although no view is expressed here, of course, as to whether she has a viable claim that can be advanced in a state court of competent jurisdiction). Hence both this action and the Complaint are dismissed with prejudice, with the Application thus being denied and the Motion thus also being denied (in the latter respect, on mootness grounds).

_____
Milton I. Shadur
Senior United States District Judge

Date: June 7, 2002

3